UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

INMATES OF SUFFOLK COUNTY JAIL,
        Plaintiff,

v.

CIVIL ACTION NO. 71-00162-GAO

ROBERT RUFO, ET AL.,
        Defendants.

MEMORANDUM AND ORDER

O'TOOLE, D.J.

BACKGROUND

Eric Kelley ("Kelley"), an inmate held at the Suffolk County Jail, has moved to reopen the underlying litigation in this closed class action. See Docket No. 446. Kelley, who describes himself as a frequent litigator[1], id. at p.1., also filed motions for contempt and for service by the U.S. Marshals Service. See Docket Nos. 444, 445. Among other things, Kelley now seeks to challenge the use of double bunking and the forfeiture of earned good time credits.

The procedural history of this litigation is well documented[2] and need not be repeated

---

[1] In describing himself as a "frequent litigator," Kelley references Kelley v. Sheriff DiPaulo, et al., C.A. No. 04-11192-NMG (July 13, 2005 judgment in favor of defendants). In a Report and Recommendation dated January 12, 2012, Magistrate Judge Boal recognized that Kelley appears to be a frequent litigant who has also referred to himself as "a.k.a. (Jirah) Kelley." See Kelley v. Wall, et al., C.A. No. 11-10916-JLT, Docket No. 67.

[2] See, e.g., Inmates of Suffolk Cnty. Jail v. Rufo, 148 F.R.D. 14, 15 (D. Mass.) aff'd, 12 F.3d 286 (1st Cir. 1993); Rufo v. Inmates of Suffolk Cnty. Jail, 502 U.S. 367, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992); Inmates of Suffolk Cnty. Jail v. Kearney, 928 F.2d 33 (1st Cir.1991); Inmates of Suffolk Cnty. Jail v. Kearney, 573 F.2d 98 (1st Cir.1978); Inmates of Suffolk Cnty. Jail v. Eisenstadt, 494 F.2d 1196 (1st Cir.1974); Inmates of Suffolk Cnty. Jail v. Kearney, 734 F.Supp. 561 (D.Mass.1990), aff'd, 915 F.2d 1557 (1st Cir. 1990) vacated sub nom. Rufo v. Inmates of Suffolk Cnty. Jail, 502 U.S. 367, 112 S. Ct. 748, 116 L. Ed. 2d 867 (1992); Inmates of Suffolk Cnty. Jail v. Eisenstadt, 360 F.Supp. 676 (D. Mass.1973), aff'd, 494 F.2d 1196 (1st Cir.), cert. denied, 419 U.S. 977, 95 S.Ct. 239, 42 L.Ed.2d 189 (1974).

here except as necessary for the disposition of Kelley's motions.   In 1971, the inmates of the Suffolk County Jail, at that time known as the Charles Street Jail, sued the Suffolk County Sheriff and others, claiming that overcrowded conditions for pretrial detainees at the jail violated the federal Constitution.   On April 9, 1979, the parties entered into a consent decree, providing, in part, that the defendants would construct a new jail for the detention of both males and females who are committed to the custody of the Sheriff prior to and pending their trials and de novo appeals.   Inmates of Suffolk Cnty. Jail v. Kearney, 928 F.2d 33, 34 (1st Cir. 1991) (decree required Sheriff to house both males and females at the new jail).   On May 7, 1979, the court approved a consent decree among the parties.   Inmates of Suffolk Cnty. Jail v. Kearney, 734 F. Supp. 561, 563 (D. Mass.) aff'd, 915 F.2d 1557 (1st Cir. 1990) vacated sub nom. Rufo v. Inmates of Suffolk Cnty. Jail, 502 U.S. 367, 112 S. Ct. 748, 116 L. Ed. 2d 867 (1992).

The consent decree was modified several times, including a modification to permit double-bunking[3] of inmates at the Suffolk County jail at Nashua Street.   Inmates of Suffolk Cnty. Jail v. Rufo, 844 F. Supp. 31, 32 (D. Mass. 1994).   In 1997, the United States Court of Appeals allowed termination of the consent decree itself in light of the passage of the Prison Litigation Reform Act of 1995[4]   ("PLRA"), Pub.L. 104–134, 110 Stat. 1321–66 (Apr. 26, 1996). Inmates of Suffolk County Jail v. Rouse, 129 F.3d 649, 663 (1st Cir. 1997).   The case was remanded for the entry of a modified judgment, id. at 663, and this case was closed on September 30, 1999.   See Docket No. 442.

---

[3] Less than a year after the entry of the consent decree in this case, the United States Supreme Court issued a decision in Bell v. Wolfish, 441 U.S. 520, 542, 99 S.Ct. 1861, 1875, 60 L.Ed.2d 447 (1979), holding that double-bunking was not in all circumstances unconstitutional.

[4] Several provisions of the Prison Litigation Reform Act of 1995 ("PLRA") required termination of prospective relief in prison conditions cases.

DISCUSSION

As a pro se plaintiff, Kelley is entitled to a liberal reading of his pleadings, even when the allegations are inartfully pled.  See Haines v. Kerner, 404 U.S. 519, 520−21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004). But Kelley cannot seek to enforce the terms of a consent decree that has been terminated.

Here, Kelley has styled one of his motion's as a motion to reopen.  See Docket No. 446. However, because a final judgment entered in this case over sixteen years ago, the avenues for the relief requested are limited. The Federal Rules of Civil Procedure strictly limit reconsideration of final judgments, particularly when motions to reconsider come so many years after entry of judgment.  See Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."). A court may relieve a party from a final judgment only when certain unusual or extraordinary conditions are met.  See Fed. R. Civ. P. 60(b).

The motion is construed as one brought pursuant to Rule 60(b), which provides six potential grounds for obtaining relief from a judgment. See Fed.R.Civ.P. 60(b)(1)−(6).  Because motions under Rule 60(b)(1)-(3) must be brought within one year, and because Kelley has not argued that the judgment is void under Rule 60(b)(4) or that section 60(b)(5) pertains, namely that the judgment has been satisfied, released or discharged, the only possibly applicable provision is under Rule 60(b)(6).   A party must make a Rule 60(b)(6) motion within a reasonable time.  See Fed.R.Civ.P. 60(c)(1).

Rule 60(b)(6) "is a catch-all provision warranting excusal from an order or judgment for

'any other reason that justifies relief.'" AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 420, 424 (1st Cir. 2015). However, "relief under Rule 60(b) is extraordinary in nature and motions invoking that rule should be granted sparingly.... Finality is an important element in the judicial process, and setting aside a final judgment requires more than the frenzied brandishing of a cardboard sword." Nansamba v. Shore Med. Ctr., Inc., 727 F.3d 33, 37 (1st Cir. 2013) (internal citation and quotation marks omitted). "A party seeking such relief must demonstrate that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Id. (quoting Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir.2009)).

The Court finds that Kelley is not entitled to relief from judgment under Rule 60(b)(6). First, the claim is brought more than 16 years after the entry of judgment. Next, because this is a class action, a too liberal application of Rule 60(b) would undermine the finality of judgments entered in such actions and would discourage their settlement. See 4 Newberg on Class Actions § 11:63 (4th ed.) (defendants will be loath to offer substantial sums of money in compromise settlement of class actions unless they can rely on the notice provisions of Rule 23 to bind class members). Here, Kelley fails to show the "extraordinary circumstances or extreme and undue hardship" required for a successful Rule 60(b)(6) motion.

In view of the above, Kelley's motions will be <u>DENIED</u>. Any claims Kelley may have may be pursued in a separate, independent action. If Kelley brings his claims in a new civil rights action, he is reminded that such action would be subject to the filing fee requirements of the PLRA.

CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's Motion to Reopen (Docket No. 446) is <u>DENIED</u>.

2. Plaintiff's Motion for Contempt (Docket No. 445) is <u>DENIED</u>.

3. Plaintiff's Motion for Service (Docket No. 444) is <u>DENIED</u>.

4. This action remains closed and the Clerk shall mail to Kelley, together with a copy of this Memorandum and Order, a blank form for Leave to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915.

SO ORDERED.

    /s/ George A. O'Toole, Jr.
GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE

DATED: November 10, 2015